# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| **LARRA CORPORATION, INC.,** | **Bankruptcy No. 04-29066-MBM** |
| Debtor. | |
| Carlota M. Bohm, Trustee for the Estate of Larra Corporation, Inc., Plaintiff, | |
| v. | **Adversary No. 05-3329-MBM** |
| **Christina Aguilera and Three Wishes Tours, Inc.,** Defendants. | |

## MEMORANDUM

**AND NOW,** this **4th day** of **September, 2007**, upon consideration of (a) the adversary complaint brought by Carlota Bohm, the Chapter 7 Trustee for the instant debtor (hereafter respectively "the Trustee" and "the Debtor"), wherein the Trustee seeks to avoid as preferential, pursuant to 11 U.S.C. § 547(b), a pre-petition $150,000 transfer alleged to have been made by the Debtor to Christina Aguilera and Three Wishes Tours, Inc., the instant defendants (hereafter "the Defendants"), and (b) the parties' respective summary judgment motions with respect to such adversary complaint;

and after notice and a hearing on the parties' summary judgment motions, which hearing was held on August 29, 2007,

it is **hereby determined that the Court shall issue an order to the effect that** the Defendants' motion for summary judgment is **GRANTED** and the

Trustee's motion for summary judgment is **DENIED WITH PREJUDICE**, with each of the parties to bear their own costs and attorneys' fees.

Briefly, the Court rules as it does – among other reasons – because

(a) the Defendants maintain that (i) the $150,000 transfer in question was intended by the Debtor and themselves to be part of a contemporaneous exchange for new value that the Defendants were in turn to give to the Debtor, (ii) such intended new value was given to the Debtor, (iii) such exchange was, in fact, substantially contemporaneous, and (iv) such $150,000 transfer is thus immunized from potential preference avoidance by virtue of the "substantially contemporaneous exchange" defense contained in 11 U.S.C. § 547(c)(1),

(b) the Court understands the Trustee to concede, but the Court rules that a genuine dispute does not exist in any event, that the parties intended for such a contemporaneous exchange to have occurred,

(c) the Court holds that the Debtor, in return for the conveyance of such $150,000, received new value from the Defendants, not only in the form – as the Trustee concedes – of a conditional right to advertise that Ms. Aguilera was to perform in the future at a concert to be assembled by the Debtor but also in the form – which the Trustee perhaps disputes but, if so, not genuinely – of a contractual, albeit conditional, right to have Ms. Aguilera perform at such concert,

(d) the Court holds that the exchange of such $150,000 for such new value – at least the contractual right to hold Ms. Aguilera to her performance at

2

such concert, if not the aforesaid right to advertise (and the Court holds that the former right is much more substantially valuable than the latter right) – was, in fact, substantially contemporaneous, which holding follows because, as the parties agree, the $150,000 in question was transferred to the Defendants on June 10, 2004, which date is precisely the same as that upon which the Debtor (i) faxed to the Defendants an executed copy of the "Artist Engagement Contract," thereby accepting the contractual offer that had been made by the Defendants to the Debtor, and (ii) thus entered into its contract with, and thereby received such new value from, the Defendants, and

(e)  the $150,000 transfer in question is thus immunized from potential preference avoidance by virtue – and thus the Defendants may take advantage – of the "substantially contemporaneous exchange" defense contained in 11 U.S.C. § 547(c)(1).

Because the Court holds that the Defendants are entitled to summary judgment with respect to the Trustee's preference action by virtue of the applicability of the "substantially contemporaneous exchange" defense contained in 11 U.S.C. § 547(c)(1), the Court need not discuss the merits of the Defendants' other grounds contained in their summary judgment motion.

An order effectuating the foregoing follows.

**BY THE COURT**



**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

FILED

SEP 0 4 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

AO 72A